UNITED STATES of America, Appellee,

v.

Bernard GAINES, Appellant.

No. 414, Docket 35361.

United States Court of Appeals, Second Circuit.

Oct. 7, 1971.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., Robert P. Walton and Daniel J. Sullivan, Asst. U. S. Attys., for appellee.

Michael Meltsner, Jack Greenberg and Ann Wagner, New York City, for appellant.

Before LUMBARD, MOORE and SMITH, Circuit Judges.

PER CURIAM:

Bernard Gaines was convicted of a federal narcotics violation on May 16, 1968. He was released on bail pending sentencing. On June 1, 1968, he was arrested by New York State authorities on charges of robbery and murder and held without bail. On June 20, 1968, he was brought before the federal court pursuant to a writ of habeas corpus ad prosequendum and sentenced to two years on the narcotics charge. He was then returned to the custody of the New York authorities who proceeded with the preliminaries to prosecution on the murder and robbery charges. On December 5, 1969, bail was set for the first time in the amount of $7,500. Gaines' counsel had made no previous application for bail because he had believed that Gaines' indigency would preclude his posting bail in any amount which might conceivably be set in light of the seriousness of the pending charges. (Appendix to Gaines' brief in this court at 25a.) Gaines was unable to post bail in this amount and he remained confined by the New York authorities. On April 1, 1970, Gaines was paroled from state custody and transferred to begin service of his federal sentence.[1] The state indictment against him was dismissed on the basis of newly discovered evidence which led other persons to be charged for the crimes for which Gaines had been held.

Gaines then made a 28 U.S.C. § 2255 motion to correct his sentence and credit him with the time spent in state custody after bail had been set. The district court denied the motion and we affirmed, 436 F.2d 1069 (1971), reasoning that the wording of the statute, 18 U.S.C. § 3568, did not allow such credit. The Supreme Court vacated our judgment by order of June 1, 1971, 402 U.S. 1006, 91 S.Ct. 2195, 29 L.Ed.2d 428, and remanded the case for "reconsideration in light of position asserted by the Solicitor General."

After such reconsideration, we are now of the view that Gaines should be credited with the time spent in custody after the state court had set bail. Gaines was unable to enter into federal custody after bail was set in December 1969 solely because he lacked sufficient funds to post bond in the state court which held him in custody. The Supreme Court's decisions in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), and Williams v. Illinois, 399 U. S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) indicate that a man should not be kept imprisoned solely because of his lack of wealth. If Gaines had had the money to post the state bond in December 1969 and had then entered federal custody, he would now be eligible for his conditional release. Gaines' lack of wealth has resulted in his having to serve a sentence that a richer man would not have had to serve, an impermissible discrimination according to *Tate* and *Williams*. Accordingly, Gaines ought to be credited with the time spent in state custody after bail was set.

Remanded to the district court for further proceedings in conformity with this opinion.

---

1. Gaines is presently free on bail, pursuant to an order of Mr. Justice Harlan, pending resolution of this case.