**UNITED STATES of America,
Plaintiff,**

v.

**Frank Peter DOWNEY, Defendant.**

**No. 71 Cr. 46(4).**

United States District Court,
E. D. Missouri, E. D.

April 27, 1972.

Daniel Bartlett, Jr., U. S. Atty., William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

· Alfred Rathert, Fenton, Mo., for defendant.

MEMORANDUM and ORDER ·

WANGELIN, District Judge.

This matter is before the Court on defendant Downey's motion of April 12,

1972, for a rehearing of his prior motion that he be given credit for certain jail time spent before and after sentencing upon his federal conviction.

The record in this case indicates that on January 21, 1971, defendant was taken into federal custody pursuant to a complaint filed against him. On January 22, 1971, defendant was released upon bond. On February 18, 1971, defendant was indicted and released upon a new bond.

In his prior motion defendant stated that on March 17, 1971, he was arrested by state authorities; being unable to post bond on this state charge, he was taken into state custody.

Under a writ of habeas corpus ad prosequendum defendant appeared in this Court and pleaded guilty to the federal offense. He reappeared on May 28, 1971, for sentencing pursuant to the same writ. On June 10, 1971, defendant was sentenced by the state. On July 16, 1971, defendant was received at Leavenworth Federal Prison.

Defendant claims credit alternatively for the 120-day period between March 18, 1971, and July 16, 1971, or for the 49-day period between May 28, 1971, to July 16, 1971.

Pursuant to § 3568 of Title 18, United States Code, the Attorney General is required to give defendant credit on his federal sentence for "any days spent in custody in connection with the offense or acts for which sentence was imposed."

Defendant argues that because he was unable to secure bail bond for his release from state custody, he was unable to be given over to federal custody and have such period of time credited to his federal sentence. This, he asserts, is an impermissible discrimination under the United States Supreme Court rulings in Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1970) and Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). The rule of *Williams* is thus stated: "an indigent criminal defendant may not be imprisoned in default of payment of a fine beyond the maximum authorized by the statute regulating the substantive offense" at p. 241, 90 S.Ct. at p. 2022. In *Tate* the Court ruled to prohibit the states from imposing a fine as a criminal penalty, then converting it to one of imprisonment because the defendant is an indigent and unable to pay. Defendant cites United States v. Gaines, 449 F.2d 143 (2nd Cir. 1971) wherein the Court extended the rulings of *Tate* and *Williams* to allow defendant credit for certain time spent in state custody. In this case Gaines had been convicted of a federal offense on May 16, 1968, and then released on bond pending sentencing. On June 1, 1968, he was taken into state custody for an offense unrelated to his federal conviction. He was held by the state without bail. On June 20, 1968, Gaines was taken into federal court under writ of habeas corpus ad prosequendum and sentenced. Thereafter he was returned to state custody. On December 5, 1969, the state set bail at $7,500.00, which defendant was unable to post. Defendant continued in state custody until April 1, 1970, when the state indictment was dismissed and defendant transferred to begin his federal sentence. The Court gave credit to Gaines for the time spent in state custody after bail had been set. "Gaines was unable to enter into federal custody after bail was set in December 1969 solely because he lacked sufficient funds to post bond in the state court which held him in custody. . . . If Gaines had had the money to post the state bond in December 1969 and had then entered federal custody, he would now be eligible for his conditional release." *Ibid.* at p. 144.

Proper analysis of the instant defendant's claim requires that the period between March 18, 1971, the date of the state arrest, and June 16, 1971, the date of defendant's delivery to the federal prison, be broken into three periods of time.

■ First, the period from March 18 to May 28. During this period defendant was in state custody, he alleges, for failure to make bond. If defendant had been able to secure bail on March 18, he would not have been taken into federal custody since he would have been at liberty on his federal bond. In *Gaines,* if the defendant had been able to secure bail bond for release from state custody, he would have been taken into federal custody to serve a sentence already imposed. Thus, *Gaines* does not provide the relief defendant seeks in this instance.

■ The second period to be considered is from May 28, the date of the imposition of federal sentence, to June 10, the date of the imposition of the state sentence. Defendant continued in state custody during this period, due to his inability to secure bail. Defendant again urges that the Second Circuit's extension in *Gaines* of the principles set out in *Tate* and *Williams* require this Court to credit him with time spent in state custody which might have been spent in federal custody had he been able to make bond. Once again, because of differing facts, *Gaines* can offer defendant no relief. In *Gaines* the state indictment had been dismissed. The period of time spent by *Gaines* in state custody after his federal sentencing could not have been applied to a state sentence. In the instant case defendant was in state custody pursuant to the state prosecution which ultimately resulted in conviction. Defendant cannot claim credit on his federal sentence for this time spent in state custody. Howard v. United States, 420 F.2d 478 (5th Cir. 1970).

■ The third period of time lies between June 10, the date of the state sentencing, and July 16, the date of defendant's delivery to the federal prison. This period was spent in state custody pursuant to the state conviction. Defendant is clearly not entitled to federal credit for this period. Willis v. United States, 438 F.2d 923 (5th Cir. 1971).