Antranik **PAROUTIAN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 641, Docket 72–1046.**

United States Court of Appeals,
Second Circuit.

Submitted April 19, 1972.

Decided June 21, 1972.

———————

Antranik Paroutian, pro se.

Joan S. O'Brien, David G. Trager, Asst. U. S. Attys., Robert A. Morse, U. S. Atty., for appellee.

Before WATERMAN, HAYS and FEINBERG, Circuit Judges.

WATERMAN, Circuit Judge:

After a trial in the Eastern District of New York before Judge Mishler, sitting without jury, appellant was convicted in July 1962 of having conspired to sell narcotics and of having sold narcotics, in violation of 21 U.S.C. § 174. Pending imposition of sentence his bail was fixed at $100,000, an amount he was financially unable to post. On September 21, 1962 appellant was sentenced to concurrent 20 year terms and a fine of $20,000 on each of the two counts and thereafter, being unable to meet the $100,000 bail requirements which remained in effect after sentence, he was, pending his appeal from the conviction, committed to the custody of the Attorney General. On or about May 7, 1963, having apparently signed an election not to serve his sentence pending appeal, he was transferred from a federal penitentiary to the United States Government Detention Headquarters on West Street in Manhattan, so that he could confer with counsel relative to the progress of his appeal. During May and June he remained in West Street 32 days.[1] The appeal was argued June 12, 1963, see United States v. Paroutian, 319 F.2d 661 (2 Cir. 1963), and on June 14 appellant resumed service of his sentence.

On February 14, 1968 the court changed the sentence on the substantive count from twenty years to the mandatory minimum of five years under 21 U.S.C. § 174, that sentence to run concurrently with the 20 year sentence on the conspiracy count, the maximum prison sentence imposable upon a first offender under 21 U.S.C. § 174.

In 1971 appellant petitioned the district court to have the 32 days he spent in custody at the Federal Detention Headquarters credited toward the service of his maximum twenty year sentence. The sentencing judge dismissed the petition. Subsequently appellant sought in the district court to reargue the dismissal, and the motion to reargue was also denied. This appeal pro se followed.

---

1. Paroutian's brief and appendix on appeal was filed May 14, 1963 after he reached West Street, the Government's brief and appendix was filed May 29, 1963; and a reply brief for Paroutian was filed on June 12, 1963, the day of the argument.

We reverse the disposition below and direct that appellant's sentence be credited with the 32 days of credit he seeks. We also direct that our mandate issue forthwith.

We adopt the underlying reasoning contained in United States v. Gaines, 449 F.2d 143 (2 Cir. 1971), decided earlier this term after the United States Supreme Court had vacated our previous judgment, reported at 436 F.2d 1069 (2 Cir. 1971), and had remanded the case to our court by its order of June 1, 1971, reported at 402 U.S. 1006, 91 S.Ct. 2195, 29 L.Ed.2d 428; and that also contained in McGinnis v. United States ex rel. Pollack, 452 F.2d 833 (2 Cir. 1971), cert. denied, 406 U.S. 905, 92 S.Ct. 1606, 31 L.Ed.2d 815 (1972).

In *Gaines* we held that when a man has been convicted in a federal forum and is then released on bail pending his sentencing, and is subsequently arrested on state charges and is incarcerated pending trial because unable to meet the bail imposed at his arraignment by the state magistrate, his federal sentence must be credited with the time spent in state custody if the state charges are subsequently dismissed. We reasoned that defendant's indigency precluded him from meeting the state bail and hence precluded him from commencing the service of his federal sentence.

In McGinnis v. United States ex rel. Pollack, *supra,* we held that when a parolee is arrested for another offense and having been found guilty thereof is sentenced thereon to a term of imprisonment which is less than the total pre-trial time he spent in custody, the subsequent term imposed upon him as a parole violator for the parole violation must be credited with the pre-trial time which had exceeded the length of time imposed by the sentence for the other offense.

In each of these cases the prisoner was required to serve a sentence of incarceration which he would not have been required to serve if he could have met the bail imposed, a bail which a richer man could have met. Similarly, if Paroutian had been financially able to meet the $100,000 bail imposed upon him, he could have consulted with his appellate counsel without suffering thirty two days of incarceration, for which the sentencing court below has denied him any credit toward the service of his sentence of imprisonment.

The unfair discrimination that results from the different treatment open to those able to pay fines imposed as punishment as opposed to those unable to pay fines and who must remain incarcerated in lieu thereof has been pinpointed by the United States Supreme Court in two recent cases involving appeals from state courts, Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) and Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). In these cases the Court has held that the state statutes upheld by the state courts violated the Equal Protection Clause of the Fourteenth Amendment.

Following the rationale of *Tate* and *Williams* we have no difficulty in holding that appellant, because of his indigency, has likewise been invidiously discriminated against and that unless he receives the credit he seeks for the thirty two days of his confinement in the Manhattan Government Detention Headquarters he will be arbitrarily deprived of his right to due process of law under the Fifth Amendment.[2]

Reversed and remanded, mandate to issue forthwith.

2. See Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954).