**UNITED STATES of America,**
**Appellee,**

v.

**Frank Peter DOWNEY, Appellant.**

**No. 72-1278.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1972.

Decided Nov. 8, 1972.

Frank Downey, pro se.

Daniel Bartlett, Jr., U. S. Atty., and William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before MATTHES, Chief Judge, and LAY and HEANEY, Circuit Judges.

PER CURIAM.

The District Court rejected Frank Peter Downey's petition for credit against a federal sentence for time spent in the St. Louis City Jail. Downey appealed to this Court, and the United States government moved to dismiss the appeal on the grounds that it was legally frivolous and wholly without merit. We deny the government's motion. We affirm the decision of the trial court for the reasons stated in its memorandum of April 27, 1972, D.C., 343 F.Supp. 390, insofar as it holds Downey is not entitled to credit for time served for the period March 18, 1971, to May 28, 1971.

We hold, however, that Downey is entitled to be credited for time spent in the city jail from May 28, 1971, to July 16, 1971, for reasons set forth below.

The relevant facts are these:

(1) January 21, 1971—Downey was arrested and jailed by federal authorities on the basis of a complaint filed against him for a violation of 18 U.S.C. § 659.

(2) January 22, 1971—Downey was released on a bail bond.

(3) February 18, 1971—Downey was indicted and released on a new bond.

(4) March 17, 1971—Downey was arrested by Missouri state authorities on charges unrelated to the federal offense. Bail was set, but Downey was unable to raise enough money to post it or to purchase a bond, and remained jailed to await trial on the state charge.

(5) May 11, 1971—Under a writ of *habeas corpus ad prosequendum*, Down-ey was released by St. Louis City Jail officials to federal custody so he might appear in federal court. Downey appeared, pled guilty as charged to the federal offense, and was returned to St. Louis City Jail.

(6) May 28, 1971—Downey, under the same writ, was transferred from the St. Louis City Jail to the St. Louis Federal Building for sentencing on the federal crime to which he had previously pled guilty. He was sentenced to five years and was returned to the jail.

(7) June 10, 1971—Downey entered pleas of guilty to two state charges (illegal possession of a stimulant drug and attempted burglary, second degree) in the Circuit Court of the City of St. Louis. He was sentenced on each count to two years confinement in the Missouri State Penitentiary, the sentences to run concurrently. However, the court took note of the prior five-year sentence imposed upon Downey by the United States District Court and ordered that:

"* * * Execution of [these state sentences are] hereby suspended and defendant is hereby placed on probation in the custody of the United States Bureau of Prisons. This probation is to continue for the length of time that defendant is incarcerated in federal prison and said probation is to terminate upon defendant's successful completion of the sentence imposed against him by the United States District Court."

Order Nos. 904–T, and 905–T, Circuit Court of City of St. Louis, Missouri, Division 20, June 10, 1971.

(8) July 16, 1971—Downey was received at Leavenworth Federal Prison to serve his five year federal sentence. He was credited for one day's jail time.

Under the principles laid down in United States v. Gaines, 449 F.2d 143 (2nd Cir. 1971), Downey is entitled to credit on his federal sentence for the period May 28, 1971, to June 10, 1971. Downey has alleged that had he been financially able to make bail on the state charge, he could have immediately sur-

rendered himself to federal authorities to begin serving his federal sentence on the day it was imposed—May 28, 1971. The government has not challenged this allegation and we, therefore, must accept it as true. These facts are sufficient to require that he be given credit on his federal sentence unless the state court has already given such credit on his state sentence. Our decision in Shields v. Daggett, 460 F.2d 1060 (8th Cir. 1972), prohibits double credit.

■■■ The sentencing orders of the state court are sufficiently clear so as to overcome the presumption that a sentencing court has given a defendant credit for his pretrial custody if a sentence less than the maximum has been imposed. It is unrealistic to conclude that the Missouri court, in arriving at its sentence, implicitly took into account the thirteen days of pretrial custody which are in question here. Instead, the orders indicate that the state court was satisfied that Downey's five-year federal sentence was a sufficient penalty to also cover his violations of Missouri state law. Accordingly, credit for the period May 28, 1971, to June 10, 1971, should be given Downey on his federal sentence.

■■ Downey is also entitled to credit for the period of time between June 10, 1971, the date of the state court sentencing, and July 16, 1971, the date of his delivery to the federal prison. A close reading of the same sentencing orders, coupled with a document in the record below, requires that this credit be given.

Section 3568 of Title 18 of the United States Code provides for credit against a federal sentence for time spent by a defendant in jail while awaiting transportation to the place at which his sentence is to be served.[1] The state court's sentencing orders suspended Downey's state sentences, and placed him on probation in the custody of the United States Bureau of Prisons. We read these orders to have immediate effect.

Our interpretation of these sentencing orders is supported by the United States Marshal's statements on the "return" portion of the United States District Court's "Judgment and Commitment" form. The Marshal's entry is as follows:

"Defendant was produced in court by Sheriff's Office, City of St. Louis, on WHCAP [writ of *habeas corpus ad prosequendum*], and on May 28, 1971, received within sentence; *defendant remaining in custody of Sheriff, City of St. Louis, until June 10 1971, on which date defendant was released to United States Marshal on within Judgment and Commitment."* (Emphasis supplied.)

Consequently, as of June 10, 1971, Missouri authorities had surrendered their jurisdiction over Downey to the United States prison officials, and Downey was returned to the St. Louis City Jail solely for the purpose of awaiting transportation to the federal prison. In view of these facts, Downey should also be given credit against his federal sentence for the period from June 10, 1971, to July 16, 1971.

Affirmed in part, reversed in part, and remanded to the District Court for an order in accordance with the disposition directed herein.

---

1. "The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed. As used in this section, the term 'offense' means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress.

"*If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention.*

"No sentence shall prescribe any other method of computing the term."
18 U.S.C. § 3568 (Emphasis supplied.).