**UNITED STATES of America,**
**Plaintiff,**

v.

**William H. SOCKEL, Petitioner.**

**No. 23529–1.**

United States District Court,
W. D. Missouri, W. D.

Dec. 21, 1973.

J. Whitfield Moody, First Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Thomas M. Larson, Asst. Federal Public Defender, Kansas City, Mo., for petitioner.

MEMORANDUM AND ORDER

JOHN W. OLIVER, District Judge.

I.

The question presented by defendant's timely motion for reduction of sentence, filed pursuant to Rule 35 of the Rules of Criminal Procedure, is whether the Bureau of Prisons has properly construed the five year maximum sentence imposed by this Court on November 13, 1972, pursuant to § 4208(a)(2), Title 18, United States Code. The judgment and commitment of this Court expressly provided that the "sentence of imprisonment imposed herein to be served concurrently with all state sentences under which defendant may be held in custody by the Missouri authorities."

The government, although duly served, has not filed any suggestions in opposition to the pending motion or to the supplemental suggestions in support thereof filed October 31, 1973 and December 10, 1973. We therefore find and

conclude that defendant's motion should be granted on the ground that the government has not indicated any opposition to such motion.

## II.

■ We deem it appropriate, however, in light of the time and money already expended by the United States in connection with its prosecution of this defendant to indicate the alternate grounds which require that defendant's motion be granted.

· The files and records of this Court establish that the defendant has been in state custody, either awaiting trial in state or federal court or serving concurrent state and federal sentences, from January 13, 1971 to the present time. It has been necessary for this Court to assume custody by writ of habeas corpus at every step of the proceedings conducted in federal court.

Chief Magistrate Hamilton's order of January 5, 1972, establishes that, except for the pending state court criminal proceedings, the defendant would have been able to make bail on the federal charge. Indeed, the proceedings in court before the federal Magistrate establish that defendant's counsel had been assured by a professional bondsman, a Mr. Van Hecke, that he would post the $12,500 secured bond required by the state courts. Federal bail was fixed under circumstances that one William S. Ferguson, Jr. would assume custody and supervision of the defendant and would also advance the 10% cash deposit required in connection with the reduced $2,000 bond which Chief Magistrate Hamilton established that date. Apparently, difficulties were encountered in making state bond; hence, defendant remained in custody subject to prosecution by both the state and federal governments from January 13, 1971 to date.

In this Court the defendant was convicted after trial by jury. Sentence was imposed pursuant to § 4208(b) on July 28, 1972. The five year § 4208(a)(2) sentence was imposed November 13, 1972. The conviction was affirmed by the Court of Appeals for the Eighth Circuit and the mandate of affirmance was received in this Court July 3, 1973. Defendant's Rule 35 motion was filed October 1, 1973, within the 120 days allowed by that Rule.

In spite of what was stated in connection with this Court's imposition of sentence, and in spite of the formal language of this Court's judgment and commitment, the Bureau of Prisons has forwarded to the Federal Public Defender's office a sentence computation calculation under which the concurrent sentence imposed by this Court would not expire until July 25, 1977. Jail credit was calculated only from July 26, 1972, for reasons which are unexplained.

Defendant seeks a practical remedy which would reduce defendant's federal sentence to make him eligible for release consistent with the date of October 17, 1974, which has been established by the Warden of the Missouri Penitentiary as defendant's release date from state custody in accordance with § 216.355, R.S. Mo.1969, V.A.M.S. The Warden also states that if the defendant "continues earning merit time at his present rate he will be eligible for discharge by Commutation of Sentence by the Governor on April 16, 1974." Under the computation of the Bureau of Prisons, the federal government would be required to assume federal custody after defendant's release from state custody.

In order to make certain that the clearly declared intention of this Court at the time of sentence be given effect, and in order to avoid the obvious complications which arise from dual state and federal prosecutions and sentences, which this Court has attempted to avoid from the outset of this case, an appropriate order will be entered reducing defendant's federal sentence so that the same will be fully satisfied by service of defendant's state sentence in the State penitentiary up to and including April 16, 1974.

## III.

At one of the numerous proceedings required in connection with the imposition of federal sentence, this Court stat-

ed that it intended to follow the recommendation of the Director of the Bureau of Prisons that the Missouri Department of Corrections should be designated as the place of confinement. We stated at that time that this case was another recent case which reflected the effort of the Bureau of Prisons to avoid the legal complications which arise out of the dual prosecution of state and federal offenses simultaneously.

We directed specific attention to the reasons supporting the Bureau of Prison's policy of designating state institutions for the service of federal sentences under circumstances of dual prosecution. Such policy is designed to reduce the amount of postconviction litigation and other difficulties created "by the application of *Nelson* and its companion case from the Second Circuit." (P. 5 of Tr. of Proceedings 10/27/72). When final sentence was imposed on November 13, 1972, we again stated that we would follow the recommendation of the Director of Prisons and that the federal sentence then being imposed would "run concurrent with the sentences which the defendant is serving as having been imposed by the Circuit Court of Boone County, and also another sentence . . . by the Circuit Court of Jackson County." [Ibid, p. 5].

We reiterated that the federal sentence imposed was intended to be consistent with the "policy of the Bureau . . . to designate the institutions in order to avoid problems implicit with the application of *Nelson* and other very recent cases in the Supreme Court of the United States" [Ibid, p. 7], and made clear that the language which had been used in the final judgment and commitment in another of the recent dual state and federal prosecution cases would be used in this case so that the federal sentence would "run concurrently with any and all state sentences." [Ibid, p. 9]

The *"Nelson* case" and the "case from the Second Circuit" to which we made reference in this and other cases is Nelson v. United States, 402 U.S. 1006, 91 S.Ct. 2193, 29 L.Ed.2d 428 (1971), and

Gaines v. United States, 402 U.S. 1006, 91 S.Ct. 2195, 29 L.Ed.2d 428. In both those cases the Supreme Court summarily granted certiorari, vacated the judgments of the Eighth and Second Circuits, respectively, and remanded both cases for further proceedings. Such action was taken pursuant to the suggestion of the Solicitor General, who conceded that the rationale of the Eighth Circuit and of the Second Circuit denying relief could not be defended under controlling principles of federal law.

The Solicitor General's memorandum, copy of which is attached as Appendix A, is fully quoted in an article written by Ann Wagner, "Sentence Credit for 'Dead Time'" 8 Crim.L.Bull. 393, at 402. In that memorandum the Solicitor General stated that the construction placed on § 3568, Title 18, United States Code, by both the Eighth Circuit in *Nelson* and by the Second Circuit in *Gaines* was inconsistent "with the spirit of numerous decisions of this Court requiring that justice be applied to all persons equally and not on the basis of ability to pay," citing Williams v. Illinois, 399 U. S. 235, 241, 90 S.Ct. 2018, 26 L.Ed.2d 586; Cf. Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577; Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331; Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed. 2d 811; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21; Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed. 2d 39; Eskridge v. Washington Prison Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L. Ed.2d 1269; and Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

The Solicitor General stated that "Section 3568 is in our view not so inflexible in its provisions as to be incompatible with an interpretation that would give Nelson the relief he seeks." In regard to *Gaines*, it was stated that the "interests of justice would be served if Gaines were now deemed to have

served enough of his federal sentence to be subject to conditional release."

Ms. Wagner's article pointed out that upon remand the Second Circuit concluded that Gaines was entitled to his dead time. See United States v. Gaines, (2nd Cir. 1971) 449 F.2d 143. The Eighth Circuit, following the Supreme Court action, in an unreported opinion, remanded *Nelson* to the district court for further proceedings. The district court upon that remand concluded that Nelson was entitled to receive credit against his federal sentence for the total 28 months he spent in state custody.

It is therefore important to take note of the conclusions initially stated by the Eighth Circuit and by the Second Circuit which were rejected by the somewhat cryptic opinions of the Supreme Court in the two cases under discussion. We believe it apparent that the Eighth Circuit's conclusion that a defendant's "obligation on his federal sentence is completely divorced from his state incarceration" [434 F.2d 748 at 751] and the Second Circuit's conclusion that the "time spent in state custody should [not] be credited to his federal sentence" [436 F.2d 1069 at 1070] can no longer be viewed as stating applicable law.

### IV.

It is interesting to note that in *Nelson* the Eighth Circuit suggested that the Attorney General give additional administrative credit above what had already been given and that in *Gaines,* the Second Circuit made a recommendation concerning action to be taken by the Board of Parole. Experience in this and other cases establishes that the Bureau of Prisons invariably calculates time to be served in accordance with some sort of administrative formula and that rarely is inquiry directed to a district court in regard to what was actually intended by the sentencing judge. Perhaps admonitions by our Court of Appeals as illustrated by United States v. Downey, (8th Cir. 1972) 469 F.2d 1030, at 1032, that "a close reading" of sentencing orders is

required, may change the pattern which the experience of this Court finds to be almost invariable. But we entertain doubt whether we could make our intention any more clear than we did when sentence was initially imposed.

Indeed, in the hope that this will be the last order that this Court will be required to make in connection with this case, we shall avoid the possibility of doubt and reduce the federal sentence to a time which will terminate at the earliest point under which the Missouri Department of Corrections may conclude the defendant is eligible for discharge, by commutation of sentence, or otherwise.

The earliest date of release is April 16, 1974, should the Governor of Missouri exercise his power of commutation. It seems to us that the appropriate respect which must be given to the Governor of this State and to the Missouri Department of Corrections requires this Court to conclude that should they determine that the defendant is sufficiently rehabilitated to be returned to a free society, this Court should recognize such a determination. The notion that the administration of criminal justice by two separate sovereignties requires that a particular defendant be re-rehabilitated after the first sovereign concludes he has been rehabilitated, is not one which we believe merits serious consideration.

For the reasons stated, it is

Ordered that, pursuant to Rule 35, the sentence imposed by this Court on November 13, 1972, should be and is hereby reduced to expire on April 16, 1974.

### Appendix A

"The two present cases involve, however, a common factor not focused on below, which in our view necessitates reversal. It appears from the record in No. 6662 that petitioner Nelson was prevented from commencing service of his federal sentence on May 17, 1967—the date upon which he was directed to surrender to a federal marshal following the dismissal of his appeal from his fed-

eral conviction—solely due to his inability to supply the $10,000 bail bond which the South Dakota authorities required as a condition of delivering him to the federal authorities. Had he been able to post the bond, he would have been surrendered by the state authorities and would have completed service of all but a few months of a three-year federal sentence by January 20, 1970, the date of the district court's dismissal of the habeas writ; he would have been eligible for conditional good-time release even prior to that date. At all events, Nelson would have completed service of the full term of his sentence prior to the court of appeals' judgment herein (December 1, 1970). To construe Section 3568 to deny Nelson relief under these circumstances would be inconsistent with the spirit of numerous decisions of this Court requiring that justice be applied to all persons equally and not on the basis of ability to pay. Williams v. Illinois, 399 U.S. 235, 241, 90 S.Ct. 2018, 26 L.Ed.2d 586; cf. Rinaldi v. Yeager, 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed.2d 577; Hardy v. United States, 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331; Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21; Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39; Eskridge v. Washington Prison Board, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269; Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. Section 3568 is in our view not so inflexible in its provisions as to be incompatible with an interpretation that would give Nelson the relief he seeks.

"Substantially the same considerations apply in No. 6704. Petitioner Gaines was denied release by the New York authorities on December 5, 1969, solely because he was unable due to indigence to post bail in the amount of $7,500 which the state authorities had set on that date. Had Gaines possessed the financial means to meet this bail requirement, he would have been delivered to the federal authorities at that time pursuant to the federal detainer, and service of his two-year sentence would have begun. As it was, Gaines was not surrendered to the federal authorities until April 1, 1970, nearly four months later. Thus he lost four months' service on his federal sentence solely as a consequence of his indigence. If Gaines were given credit on his federal sentence for this period of approximately four months, it is our understanding that he would now be eligible for conditional good-time release. In these circumstances, we think the interests of justice would be served if Gaines were now deemed to have served enough of his federal sentence to be subject to such conditional release." [Footnote omitted.]