**UNITED STATES of America, Appellee,**

v.

**Robert William EDDY, Appellant.**

No. 81–2376.

United States Court of Appeals, Eighth Circuit.

Submitted May 4, 1982.

Decided May 10, 1982.

term "F.O.B. forum state"), *cert. denied,* 445

James M. Rosenbaum, U. S. Atty., James A. Morrow, Asst. U. S. Atty., Minneapolis, Minn., Barbara Shiels, Legal Intern, for appellee.

Larry A. Stoller, Spirit Lake, Iowa, for appellant.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Robert William Eddy was convicted of possessing cocaine with intent to deliver, in violation of 21 U.S.C. § 841(a)(1). The Dis-

U.S. 907, 100 S.Ct. 1087, 63 L.Ed.2d 325 (1980).

trict Court sentenced him to three years in prison plus a special parole term of three years, and we affirmed. *United States v. Eddy*, 660 F.2d 381 (8th Cir. 1981). He then made a motion for reduction of sentence under Fed.R.Crim.P. 35. The government did not oppose the motion, but the District Court[1] denied it, stating that it was "satisfied that the sentence as originally imposed in this instance was and remains appropriate under the circumstances presented." *United States v. Eddy*, No. 3–80 Cr. 22 (D.Minn. Dec. 2, 1981).

On appeal Eddy's sole contention is that the government's failure to object to his motion is dispositive in his favor. Whenever the United States does not object to a motion for reduction of sentence, he says, the sentencing court *must* grant it. We disagree with this argument and affirm the denial of Eddy's motion.

Appellant cites *United States v. Sockel*, 368 F.Supp. 97 (W.D.Mo.1973), and claims that it holds that the government's failure to object entirely destroys the sentencing court's discretion to deny a Rule 35 motion. *Sockel* discusses a number of legal issues and grants the motion only after a full consideration of those issues, but the opinion does hold, in the alternative, that the government's failure to object is a sufficient ground for the granting of a motion for reduction of sentence. It is not entirely clear whether the *Sockel* court actually meant to say that an unopposed Rule 35 motion must automatically be granted. We doubt it. We would prefer to read the opinion as simply taking into account the government's failure to oppose the motion as one factor affecting the court's exercise of discretion. But however that may be, we hold that the government's failure to oppose does not require that the motion be granted.

A Rule 35(a) motion for reduction of sentence calls for an exercise of informed discretion by the sentencing judge, just as the initial decision to impose a sentence does. The rule gives the court a second chance, an opportunity to temper its original judgment with mercy, if it thinks such action appropriate for reasons of compassion or other relevant considerations. See *United States v. Colvin*, 644 F.2d 703 (8th Cir. 1981). The positions of the parties can no more control this kind of decision, than they can dictate to the court what sentence to impose in the first place. The district courts may attach whatever weight seems appropriate to the position taken by the government in response to a motion for reduction of sentence. Just as a motion opposed by the government may be granted, so may a motion not opposed (or even supported) by the government be denied. To hold otherwise would transfer sentencing discretion from the court to the prosecutor.

The judgment is affirmed.

---

1. The Hon. Donald D. Alsop, United States District Judge for the District of Minnesota.