**Jose Manuel COSTALAS, Petitioner,**

v.

**WARDEN OF the METROPOLITAN CORRECTIONAL CENTER, Respondent.**

**No. 83 Civ. 0655 (KTD).**

United States District Court, S.D. New York.

April 14, 1983.

Lewis G.P. Ashton, Jamaica, N.Y., for petitioner.

John S. Martin, Jr., U.S. Atty., S.D.N.Y., New York City, for respondent; Franklin H. Stone, Asst. U.S. Atty., New York City, of counsel.

OPINION & ORDER

KEVIN THOMAS DUFFY, District Judge:

Petitioner Jose Costalas, who is presently in federal custody, has brought this habeas corpus petition to obtain jailtime credit for time he spent in state custody awaiting trial.

In February, 1975 Costalas apparently was in state custody awaiting trial on charges pending in New York Supreme Court. On February 18, 1975, Costalas' bail was set by the state court at $150,000. On that same day his bail was reduced to $125,-000. Petitioner could not make bail. On February 22, 1975, Costalas was transferred from state custody to federal custody to be tried on unrelated charges. On April 9, 1975, Costalas was sentenced in the United States District Court of Louisiana to two concurrent three year terms of imprisonment. Six days later he was transferred back into New York State custody for his state trial.

On December 8th or 15th of 1975 his bail was reduced further to $100,000. Petitioner again failed to make bail. Petitioner's trial began in New York State Court on June 29, 1976, and apparently he remained in custody for the duration of the trial. On November 30, 1976, the state court sentenced Costalas to two concurrent fifteen year sentences. His conviction was reversed on March 22, 1982, and on May 12, his bail was set at $25,000. Eighty-five days later on August 4, 1982, Costalas plead guilty to a lesser charge and was sentenced to a prison term of six years to life. On November 30, 1982, petitioner was paroled from state custody, and began serving his three year federal sentence. The Bureau of Prisons stated that it would credit Costalas with two hundred thirty-three (233) days jail time served prior to November 30, 1982. This was computed as follows:

(1) 96 days he served in federal custody between June 7, 1974 and September 10, 1974 and the 52 days he served in federal custody between February 22, 1975 and

April 14, 1975 and (2) 85 days he served in state custody from May 12, 1982 to August 4, 1982.

Supplemental Affidavit of Randall Brachman filed March 23, 1983 at 1–2.

In *United States v. Gaines*, 449 F.2d 143 (2d Cir.1971), on remand from the Supreme Court, the Second Circuit held that the defendant should be credited with the time he spent in state custody after the state court set his bail.

[The defendant] was unable to enter into federal custody after bail was set in December 1969 solely because he lacked sufficient funds to post bond in the state court which held him in custody. The Supreme Court's decisions in *Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), and *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) indicate that a man should not be kept imprisoned solely because of his lack of wealth. If [the defendant] had had the money to post the state bond in December 1969 and had then entered federal custody, he would now be eligible for his conditional release. [The defendant's] lack of wealth has resulted in his having to serve a sentence that a richer man would not have had to serve, an impermissible discrimination according to *Tate* and *Williams*.

The *Gaines* decision would seem to be controlling in the instant suit. It is undisputed that had Costalas been able to make bail he would have been serving his federal sentence from February 18, 1975 to June 29, 1976. Petitioner did not have the resources necessary to meet even the lowest bail figure of $100,000. The government, however, argues that *Gaines* is distinguishable. It claims that in verifying petitioner's assertions, it contacted the Records Office at the New York State Greenhaven Correctional Facility where petitioner carried out his state sentence. The Records Office allegedly stated "that New York State had already given Costalas credit on his state sentence from February 14, 1975 to November 30, 1982 when he was paroled from state custody." [1] Brachman Supplemental Affidavit at 2. Thus, Costalas actually was "entitled to ninety-six (96) rather than the Two Hundred Thirty-three (233) days jailtime credit toward his federal sentence." *Id.* The ninety-six days was arrived at by excluding from the original figure of two hundred thirty-three days, the fifty-two days from February 22, 1975 to April 14, 1975, that he originally was credited as having served in federal custody, and the eighty-five days he also was credited with, from May 12, 1982 to August 4, 1982.[2]

The government's analysis is based on the assumption that to credit Costalas with jailtime from February 18, 1975 to June 29, 1976 would give him double jailtime credit. This is not necessarily a correct assumption. Even if the federal government appropriately had credited Costalas for that time instead of the state authorities, then the state would have been making its parole decision on the basis that Costalas had been in state custody from June, 1976 to November, 1982. Because this still is more than six years in state custody, I certainly cannot conclude on the current record that if the New York State Department of Corrections had not credited Costalas with the time from February, 1975 to June, 1976 that it would not have paroled Costalas on November 30, 1982. Therefore, the federal authorities are incorrect in assuming that Costalas would *necessarily* receive double jailtime credit for the period from February, 1975 to June, 1976 if I grant this writ.[3]

---

**1.** Costalas apparently was in state custody on February 14, 1975, and was arraigned on February 18, 1975. *See* Exhibit attached to Petitioner's Reply.

**2.** This information was obtained telephonically, and the government stated that it would notify this court if written confirmation "varied the information from the above." *Id.* No additional information has been received. It would have been more appropriate if the government had provided documentary evidence confirming these facts.

**3.** Furthermore, even if the eighty-five days between May 12, 1982 and August 4, 1982 are excluded in calculating state jailtime the period from June 29, 1976 to November 30, 1982 minus these eighty-five days is still greater than six years.

Costalas already has received federal jail-time credit for the period up to April 14, 1975. Accordingly, the Metropolitan Correctional Facility is ordered to recalculate petitioner's federal jailtime credit adding onto the two hundred thirty-three (233) days credit, the additional number of days between April 14, 1975 and June 29, 1976.

To the extent set out in this opinion, the writ is granted.

SO ORDERED.