793 F.2d 1294
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
ROBERT H. BURNS, Defendant-Appellant.
 85-3026
 United States Court of Appeals, Sixth Circuit.
 5/5/86
 
 BEFORE: ENGEL, KENNEDY and MILLBURN, Circuit Judges.
 
 
 1
 Burns appeals pro se from the district court's order denying his motion to reduce and modify sentence, his motion to correct sentence, and his motion for a new trial. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Burns was convicted of four counts of distribution and possession of cocaine. After an appeal to this Court, the district court entered an order vacating one count of the conviction. Burns then filed his motions. The district court changed the sentence by reducing the fine and changing the parole eligibility from 18 U.S.C. Sec. 4502(a) to Sec. 4502(b)(2). The court denied the rest of Burns' motions.
 
 
 3
 On appeal, Burns argues that it was improper for the district court to impose a higher sentence than the nine year sentence that had been the subject of plea bargaining negotiations before trial. The failure of the district court to affirmatively explain on the record the reasons for a more severe sentence does not violate due process in the absence of evidence indicating judicial vindictiveness. United States v. Lippert, 740 F.2d. 457, 459-60 (6th Cir. 1984), cert. denied, ---- U.S. ----, 105 S.Ct. 1200 (1985). On this record, there is no indication of vindictiveness in the imposition of this sentence.
 
 
 4
 Burns also argues that the fines in this case should have run concurrently with each other because the sentences of imprisonment were run concurrently. In Bifulco v. United States, 447 U.S. 381, 388 (1979), the Supreme Court held that Congress intended sentences of imprisonment and fines to be separate penalties. Therefore, this issue is without merit.
 
 
 5
 Burns also argues that the district court failed to reduce his sentence despite his strong family ties and good reputation in the community. The decision on a Rule 35, F.R.Crim.R. motion is a matter of discretion with the district court. United States v. Hooten, 693 F.2d 857, 859 (9th Cir. 1982); United States v. Eddy, 677 F.2d 656, 657 (8th Cir. 1982). The district court did not abuse its discretion when it denied Burns' motion.
 
 
 6
 Finally, Burns argues that it was improper to deny his motion for a new trial as untimely because his ineffective assistance of counsel issue was based on newly discovered evidence. In this respect we have examined the allegations of his motion for a new trial carefully. To a limited extent they suggest that in some aspects, Burns may not have been aware of his attorney's alleged acts of incompetence until after the normal seven-day period of Rule 33 had expired. On the whole, however, the basic thrust of his motion is one which we conceive of as being more appropriately raised in the petition under 28 U.S.C. Sec. 2255. See United States v. Dukes, 727 F.2d 34 (2d Cir. 1984); United States v. Lara-Hernandez, 588 F.2d 272 (9th Cir. 1978); United States v. Ellison, 557 F.2d 128 (7th Cir. 1977). But see United States v. Brown, 476 F.2d 933 (D.C. Cir. 1973).
 
 
 7
 The order of the district court is affirmed in part under Rule 9(d)(3), Rules of the Sixth Circuit, because these issues are not substantial and do not require oral argument. The district court's order regarding the new trial motion is vacated and the case is remanded under Rule 9(d)(4), Rules of the Sixth Circuit, for consideration of the petition as one filed under 28 U.S.C. Sec. 2255.