**William JAMISON–BEY,
Plaintiff–Appellant,**

v.

**James H. THIERET,
Defendant–Appellee.**

No. 88–1210.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 25, 1989.*

Decided Feb. 9, 1989.

William Jamison Bey, M.S.T. of A., Menard, Ill., pro se.

Valerie J. Peiler, Asst. Atty. Gen., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

Plaintiff-appellant Jamison–Bey sought declaratory and injunctive relief against defendant-appellee James H. Thieret and other prison officials under 42 U.S.C. § 1983 for their alleged violation of Jamison–Bey's Eighth Amendment rights. Both parties subsequently moved for summary judgment. The district court granted Thieret's motion, primarily for Jamison–Bey's failure to allege conditions sufficiently egregious to violate the Eighth Amendment. For the reasons stated below, we reverse and remand for further proceedings.

I.

As a Menard Correctional Center inmate, Jamison–Bey complained that he was subjected to cruel and unusual punishment when he was placed in segregation for 101 consecutive days. Allegedly during this time, he was deprived of his ten dollar monthly allowance or its equivalent in hy-

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App. P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

giene products; he was not given the use of a broom or mop to clean his cell which had been flooded on various occasions, which was polluted with urine and defecation, and which was inhabited by roaches, rodents, and birds; he was denied proper ventilation in his cell which was at times filled with smoke from the fires started by other inmates; he was not allowed to use the exercise yard five times a week; he had his personal property confiscated; and he had restricted access to the law library and to visitors. In addition, he claimed that as a general policy, minorities were discriminated against in their housing assignments, jobs and school privileges upon release from segregation.

Apart from Thieret, the district court dismissed Jamison–Bey's claims against the defendant officials for Jamison–Bey's failure to allege their personal involvement. He did, however, allege that Thieret was personally aware of the allegedly inhumane conditions.[1] These claims were submitted to Federal Magistrate Gerald B. Cohn for final disposition. Both parties having filed written consents to the entry of final judgment by the magistrate, this appeal is authorized pursuant to 28 U.S.C. § 636(c)(3). As already indicated, both parties moved for summary judgment; Thieret's motion was ultimately granted.

The federal magistrate's order dismissed Jamison–Bey's claims on three alternative grounds. First, the magistrate found that Jamison–Bey had failed adequately to allege specific facts sufficient to defeat Thieret's motion for summary judgment; second, that Jamison–Bey had failed sufficiently to refute Thieret's claim that he lacked personal knowledge of any violation of prison regulations at Menard; and third, that even if Jamison–Bey's allegations were true, they did not rise to the level of an Eighth Amendment violation.

## II.

Summary judgment is only appropriate when no issue of material fact exists. Fed. R.Civ.P. 56(e). On review, we draw all inferences from the record in the light most favorable to the party opposing the motion. *Beard v. Whitley County REMC*, 840 F.2d 405, 409–10 (7th Cir.1988) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)). A party bearing the burden of proof on an issue may not simply rest on its pleadings, but must demonstrate with specific factual allegations that a genuine issue of material fact exists and requires trial. *Id.* at 410 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). However, *pro se* litigants are not held to the stringent standards of formally trained attorneys, and their pleadings are to be liberally construed. *Caldwell v. Miller*, 790 F.2d 589, 595 (7th Cir.1986); see generally *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

While the district court's order summarily disposed of Jamison–Bey's claims against Thieret under various justifications, we find that these justifications leave fatal gaps which ignore many of Jamison–Bey's specific allegations. The magistrate stated "it is clear that the facts contained in [Jamison–Bey's] motion and its supporting affidavits do not contradict the facts presented by James Thieret." This finding is flatly wrong. Thieret's affidavit is a three sentence fill-in-the-blank form which merely indicates Thieret's lack of personal knowledge of any violations of departmental regulations at Menard. It states,

> 1. I am currently employed by the Illinois Department of Corrections as the Warden of the Menard Correctional Center, Menard, Illinois, and I have been so employed for approximately *three* years _____ months. (Underlines to be filled-in in the original).

---

1. Jamison–Bey stated that from April to August 1986, Thieret and Assistant Warden Ron Fleming made routine tours of the segregation unit and personally heard prisoner grievances, during which time Jamison–Bey claims to have complained to them repeatedly. While the district court previously dismissed the claims against Fleming for Jamison–Bey's failure to allege Fleming's personal involvement or knowledge, Jamison–Bey did not appeal this decision, and the issue is not now before us.

2. William Jamison–Bey, # N–33409, is an inmate at the Menard Correctional Center.

3. I have no personal knowledge of any violation of departmental regulation in the operation of the segregation unit at Menard Correctional Center.

There is no mention of Thieret's lack of knowledge of Jamison–Bey's specific claims, nor any refutation of his alleged contact with Jamison–Bey regarding these problems. In light of Jamison–Bey's affidavit evidence that he informed Thieret of the unconstitutional conditions on numerous occasions, a material question of fact exists, and Thieret's conclusional statements, effectively without evidentiary support, are insufficient on summary judgment.

█ The magistrate also found that the conditions complained of did not violate the Eighth Amendment, but he completely *ignored* many of Jamison–Bey's specific complaints. See *Demallory v. Cullen*, 855 F.2d 442, 445 (7th Cir.1988) (cruel and unusual punishment is determined under the totality of the conditions of confinement). Most notably, the magistrate never mentions Jamison–Bey's claim that he was denied exercise five times a week or that at Thieret's direction he was subjected to exercise restrictions over and above those imposed as a condition of segregation. Neither does the magistrate mention Jamison–Bey's allegations that upon release from segregation, minorities were discriminated against in housing assignments, jobs, and schooling opportunities.[2]

While we believe that Jamison–Bey adequately complied with the summary judgment requirements under the circumstances, we do not suggest that he is necessarily likely to succeed on the merits. To the contrary, had Thieret provided adequate evidentiary support for his motion, summary judgment against Jamison–Bey might well have been proper. Indeed, "[p]risoners confined in administrative segregation for a relatively short period of time, over a number of months and even a number of years depending upon the type of inmates involved and the security risks present in the institution, cannot complain about the conditions of their confinement unless they are deprived of the 'minimal civilized measure of life's necessities.' " *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). However, many of the conditions of which Jamison–Bey complains have, under certain circumstances, constituted cruel and inhuman punishment in violation of the Eighth Amendment. See *e.g., Davenport v. DeRobertis*, 844 F.2d 1310 (7th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 260, 102 L.Ed.2d 248 (1988) (minimum of five hours of exercise per week is required under certain circumstances); *Wells v. Franzen*, 777 F.2d 1258 (7th Cir.1985) (minimum of exercise, showers, clothing and sanitary eating conditions required).

Liberally construing Jamison–Bey's allegations, and taking all inferences in his favor as we must on summary judgment, summary disposition of this case was premature. See *Demallory*, 855 F.2d at 445. In addition, Jamison–Bey would likely benefit from the appointment of counsel in this case, for there are various possible procedural pitfalls ahead. Therefore the district court's grant of summary judgment is reversed and the cause is remanded for further proceedings, including consideration of the appointment of counsel.

---

**2.** While this claim barely alleges any facts to support it, Jamison–Bey does allege that the actions he complains of violate an existing consent decree proscribing this very conduct. See *U.S.A. v. State of Illinois*, No. S–Civ–76–0158, Consent Decree (S.D.Ill. July 25, 1978) (racial segregation within prison in cell assignments and programs is prohibited). That such racially discriminatory policies have existed in the past is beyond question. See *e.g., Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Lee v. Washington*, 390 U.S. 333, 88 S.Ct. 994, 19 L.Ed.2d 1212 (1968).