**Frank C. ALERTE, Jr., Petitioner–Appellee,**

v.

**Kenneth McGINNIS, Director, Department of Corrections of Illinois, Respondent–Appellant.**

**No. 89–3465.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 23, 1990.

Decided March 13, 1990.

Ronald P. Alwin, Evelyn G. Baniewicz, Office of the Public Defender of Cook County, Chicago, Ill., for petitioner-appellee.

Neil F. Hartigan, Atty. Gen., Thomas L. Ciecko, Deputy Atty. Gen., Chicago, Ill., for respondent-appellant.

Before BAUER, Chief Judge, and EASTERBROOK and MANION, Circuit Judges.

EASTERBROOK, Circuit Judge.

Frank C. Alerte is serving a 30–year sentence for slaying a fellow student at DePaul University in January 1980. The district court issued a writ of habeas corpus, accepting an argument the state appellate court rejected: that the prosecutor's summation to the jury was so inaccurate that the trial did not supply due process of law. Compare *People v. Alerte*, 120 Ill. App.3d 962, 76 Ill.Dec. 452, 458 N.E.2d 1106 (1st Dist.1983), with *Alerte v. Lane*, 725 F.Supp. 936 (N.D.Ill.1989). The court ordered the state to release Alerte unless the retrial commenced within 120 days. We stayed this order and expedited the appeal—which we now dismiss, because the state did not file an effective notice of appeal.

The judgment issuing a writ of habeas corpus was entered on August 30. Although the judgment was entered on a minute order form rather than the form prescribed for final judgments, this separate piece of paper spelled out the relief to which Alerte is entitled and therefore complies with Fed.R.Civ.P. 58. On September 12 the state served a timely Rule 59(e) motion to alter or amend the judgment. On October 23, 1989, the court mailed an opinion (carrying the same date) denying the state's motion and concluding that the motion was so poorly supported that sanctions were in order under Fed.R.Civ.P. 11. The court gave Alerte until November 3 to file a petition setting out the legal fees incurred in opposing the motion, and the state until November 15 to object. The court sent the parties a minute order, dated October 23, formally denying the motion to alter or amend the judgment and setting the schedule for the exchange of papers concerning fees. Alerte bypassed the opportunity to seek attorneys' fees under Rule 11. On November 9, confident that further proceedings would be limited to the merits of the case, the state filed a notice of appeal.

Things are not so simple. Whether because of inadvertence or because it was waiting for Alerte's petition, the district court had not entered on the docket the order dated October 23. According to both the docket sheet and a rubber-stamp date on the order, it was entered on November 13, four days after the state's notice of appeal. This activated Fed.R.App.P. 4(a)(4), the graveyard of an inordinate number of appeals. Rule 4(a)(4) says (emphasis added):

> If a timely motion ... is filed in the district court by any party [seeking rehearing] ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion. A *notice of appeal filed before the disposition of any of the above motions shall have no effect.* A new notice of appeal must be filed within the prescribed time measured from the *entry* of the order disposing of the motion as provided above. ...

Rule 4(a)(4) usually bites litigants who file a notice of appeal, seek rehearing, rely on their initial notice to preserve their rights, and are shocked to learn that the request for rehearing vitiated the notice of appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). Illinois avoided that trap only to fall into one even better hidden: the distinction between the opinion disposing of a motion and the disposition of the motion, meaning the entry of the order based on the opinion. The motion technically remains pending until the order disposing of it is entered on the docket. A notice of appeal filed after announcement, but be-

fore entry, accordingly is not worth the paper it is written on. *Acosta v. Louisiana Department of Health and Human Resources*, 478 U.S. 251, 106 S.Ct. 2876, 92 L.Ed.2d 192 (1986). Illinois filed a notice that by the terms of Rule 4(a)(4) "shall have no effect". Although Illinois had no idea that three weeks would intervene between announcement and entry, appellate jurisdiction does not depend on the bona fides of the advocate or lack of prejudice to the opponent. Jurisdiction is a question of juridical competence. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988). The state assumed something that it could have verified, and as a result we lack jurisdiction.

It is regrettable but predictable that clerks' offices in busy courts, confronted with mountains of papers received every day from the judges' chambers, will slip up from time to time. When the lost or delayed document is a final judgment or order denying rehearing, everyone's rights are protected by the rule of *United States v. Indrelunas*, 411 U.S. 216, 93 S.Ct. 1562, 36 L.Ed.2d 202 (1973). When the clerk enters a final decision or order denying rehearing but neglects to inform counsel, the right of appeal may be lost. This prospect has led the advisory committees on the civil and appellate rules to propose amendments to Fed.R.Civ.P. 77 and Fed.R.App.P. 4(a)(6) that if adopted would allow district judges some discretion to afford the parties an opportunity to recover from the clerk's error. See 127 F.R.D. 237, 251, 389–90 (1989). If there is an unexpected gap between the "announcement" of a final decision and its entry, Fed.R.App.P. 4(a)(2) protects the party by providing that an appeal filed after the announcement is sufficient. But Rule 4(a)(2) excludes the circumstances covered by Rule 4(a)(4); thus if there is an unexpected gap between the date appearing on an order disposing of a petition for rehearing, and the date of its entry, there is no remedy under either current law or the pending proposals. The date on the face of a document is unreliable, putting a litigant between a rock and a whirlpool: Rule 4(a)(4) smites all who file too soon, Rule 4(a)(1) clobbers all who file too late.

The Advisory Committee on Appellate Rules might find this anomaly worth its attention.

Lawyers can protect their clients by checking the docket before filing a notice of appeal, but this particular trap springs so rarely that the costs of the precaution may not be worthwhile. If precautions fail, there may be palliatives. An appellant who discovers the problem within the time to appeal, computed from the entry of the order on the docket, may file a fresh notice of appeal. If it discovers the foul-up within 30 days after the expiration of the time to appeal, it may ask for an extension on the basis of excusable neglect, Fed.R.App.P. 4(a)(5), which this surely would be. If the appellant believes that the date on the docket is incorrect—that the order really was entered before the notice of appeal, but that the docket clerk mis-typed the date—the party may ask the district court to *conform the record to the facts* under Fed.R.Civ.P. 60(a). See *United States v. Griffin*, 782 F.2d 1393 (7th Cir.1986).

All of these avenues were open to the state; it used none of them. Counsel did not check the docket sheet before filing the notice. Circuit Rule 3(c) requires the appellant to file a jurisdictional statement with, or within seven days after, the notice of appeal. This rule is designed to flush jurisdictional difficulties into the open as soon as possible, so that they may be rectified or the case brought to a conclusion without unnecessary investment of time and energy. The state filed its jurisdictional statement on November 20. Alerte's counsel replied on November 30, pointing out the problem. Thirteen days remained within which to file a notice of appeal (starting from the docket entry of November 13). The state did nothing. It did not file a new notice of appeal; it did not seek an extension of time under Rule 4(a)(5); it did not seek to correct the district court's records under Rule 60(a) although there is some basis for such a request. (The date on the original copy of the order in the court's files, November 1, 1989, was blotted out with correction fluid and replaced with November 13.) So although the genesis of

this problem lay in the clerk's office, the state has only itself to blame for the defect that has undone this appeal. Cf. *Wilson v. O'Leary*, 895 F.2d 378 at 383–84. (7th Cir.1990).

 In its reply brief, the state breathes a last gasp: it insists that a petition for habeas corpus does not start a "real" civil case, so that Rule 4(a) does not apply. This is not the state's position when it is the appellee; it regularly argues that prisoners' appeals must be dismissed for failure to comply with the jurisdictional time limits of Rule 4(a). E.g., *Parisie v. Greer*, 705 F.2d 882 (7th Cir.1983) (en banc). What's sauce for the goose is sauce for the gander. And the state's submission is not the law. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), held that habeas corpus is a civil proceeding to which the time limits of Rule 4(a) apply in full force. Arguments of this character give substance to the district court's conclusion that the Attorney General's office takes whatever position is convenient, without the legal and factual research that must precede all filings.

The appeal is dismissed for want of jurisdiction. The stay terminates today.