909 F.2d 1486
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
KWOH CHENG SUN, M.D., Plaintiff-Appellant,
v.
STATE OF WISCONSIN, Defendant-Appellee.
 No. 89-2545.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 2, 1990*
Decided Aug. 8, 1990.
 
 Before BAUER, Chief Judge, and CUDAHY and POSNER, Circuit Judges.
 
 ORDER
 
 1
 Dr. Kwoh Cheng Sun is a physician who practiced a new acupuncture technique in his Milwaukee, Wisconsin clinic. According to Dr. Kwoh, he can do with a single needle what other practitioners would need several needles to accomplish. His method is less painful and has longer-lasting effects than traditional methods. Some of Dr. Kwoh's patients were covered under Wisconsin's medical assistance program, and the doctor routinely billed the program up to $700 for a single treatment. Program authorities became suspicious, and Dr. Kwoh was eventually charged with making material false statements in his applications for reimbursement. He was tried on a multi-count indictment and convicted by a jury in the Milwaukee County Circuit Court, and he was sentenced on November 21, 1986 to four years of probation. Dr. Kwoh states that his license to practice medicine was taken away as a result of the conviction.
 
 
 2
 Dr. Kwoh disagreed vehemently with the conviction, and appealed to the Wisconsin Court of Appeals, raising challenges to the sufficiency of the evidence, a challenge to the jury instructions on the defense of mistake, and a request for a new trial. The court refused to grant a new trial and affirmed the convictions. The Supreme Court of Wisconsin denied review.
 
 
 3
 Dr. Kwoh then filed the present lawsuit in the federal district court on January 19, 1989, representing himself. The named plaintiffs were the Wisconsin Court of Appeals, the Wisconsin Supreme Court and the State of Wisconsin itself. The district court held that the courts could not be sued for acts taken within their jurisdiction, Stump v. Sparkman, 435 U.S. 349 (1978), and that no claim had been stated against the state itself. The suit was therefore dismissed on June 21, 1989. Dr. Kwoh filed a request for reconsideration on July 17 which the court denied on July 18. Dr. Kwoh filed a notice of appeal on July 21, appealing from the district court's order of July 17.[1]
 
 
 4
 It is the duty of the federal courts to interpret papers filed by pro se litigants in a liberal way. Haines v. Kerner, 404 U.S. 519, 520 (1972), Caldwell v. Miller, 790 F.2d 589, 595 (7th Cir.1986), Jamison-Bey v. Thieret, 867 F.2d 1046, 1047 (7th Cir.1989). We apply this principle to the notice of appeal as we do to other papers. The notice was filed on the thirtieth day after entry of the original final judgment, and had the notice of appeal specified that order, our task would be to review that order. But the notice specifically stated that the order appealed from was the denial of reconsideration, a Fed.R.Civ.P. 60(b) decision reviewable only for abuse of discretion. Williams v. Hatcher Co., 890 F.2d 993, 995 (7th Cir.1989). Giving the notice a very liberal reading, it is apparent that Dr. Kwoh believed only the later judgment to be the final order, and he intended to bring the actual dismissal up for appeal. Because a properly-drafted notice of appeal would have been timely, we will construe it as such and review the June 21 dismissal. Although we can establish our jurisdiction over the merits of this case by liberal interpretation of Dr. Kwoh's papers, we are not able to discern any attack on the district court's reasoning in his brief. Dr. Kwoh has continued to argue in this Court that he was not guilty of the crimes of which he was convicted, but he has still not made any allegation that he was harmed by some violation of the federal Constitution. An argument that a conviction was constitutionally infirm might support a petition for writ of habeas corpus; but Dr. Kwoh's complaint appeared to be a civil rights complaint under 42 U.S.C. Sec. 1983, and was treated as such. Dr. Kwoh has never objected to that characterization. Even if his complaint were treated as a petition for habeas corpus, Dr. Kwoh has failed to point out how the conviction violated federally-protected rights and needless to say has not alleged exhaustion of his state remedies. The dismissal of this civil rights suit does not prevent Dr. Kwoh from filing a habeas corpus petition alleging that the conviction violated his constitutional rights. In the case before us, however, Dr. Kwoh has not shown any error in the dismissal of his civil rights complaint. That dismissal is therefore
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record. Appellant has also filed a Motion for Early Decision. In light of the fact that we decide the case today, the motion is denied as moot
 
 
 [1]
 Dr. Kwoh named only the State of Wisconsin in his notice of appeal. He does not contest the dismissal of the two courts as defendants