917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James W. HOWARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3643.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1990.*
Decided Nov. 9, 1990.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Following a jury trial, petitioner James Willis Howard was convicted of conspiracy and mail fraud arising out of a scheme to commit arson. Petitioner was sentenced to three years imprisonment and five years probation. The petitioner's appointed counsel did not appeal his conviction or sentence. The petitioner filed a pro se habeas corpus petition under 28 U.S.C. Sec. 2255. The district court dismissed the petitioner's Sec. 2255 petition for failure to demonstrate grounds for relief, and later denied his motion for reconsideration.
 
 
 2
 Petitioner filed another Sec. 2255 motion also denied by the district court. Petitioner's second motion alleged ineffective assistance of counsel in that counsel failed to appeal his conviction, thus depriving him review of numerous trial errors. James Willis Howard now seeks review of the district court's denial of the habeas petition. For the reasons set forth below, we affirm.
 
 I. PROCEDURAL DEFAULT
 
 3
 It is well settled law in this circuit that failure to raise an issue on direct appeal bars collateral review of an otherwise appealable issue. Johnson v. United States, 838 F.2d 201, 202 (7th Cir.1990). However, federal habeas review is not precluded by a default if the petitioner can show cause for his failure to appeal and actual prejudice as a result of the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977).[1] Although, the Wainwright "cause and prejudice" test initially applied to state prisoners filing Sec. 2254 petitions, the Supreme Court, in United States v. Frady, extended this test to federal habeas petitioners filing under Sec. 2255. 456 U.S. 152 (1982); Norris v. United States, 687 F.2d 899 (7th Cir.1982).
 
 
 4
 This case is different from the typical default situation in that petitioner's counsel, rather then failing to raise a particular issue on appeal, completely failed to appeal the petitioners conviction. The Supreme Court expressly declined to determine whether the Wainwright test is applicable to situations where counsel has failed to take a direct appeal. Murray v. Carrier, 477 U.S. 478, 492 (1986). Nevertheless, the Seventh Circuit recently held that we analyze complete failure to appeal situations under the Wainwright "cause and prejudice" test. United States ex rel. Simmons v. Gramley, No. 89-2404, slip op. at 12 (7th Cir. Oct. 9, 1990). Thus, this petitioner must show cause for the failure to appeal his conviction and actual prejudice resulting from that failure.
 
 
 5
 Our first inquiry is whether the petitioner established cause for his failure to appeal. Petitioner's Sec. 2255 motion alleges ineffective assistance of counsel. Ineffective assistance of counsel, if established under Strickland v. Washington, 466 U.S. 668 (1984), constitutes cause for a default. Rodriguez v. United States, 906 F.2d 1153, 1159 (7th Cir.1990); Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir.1990). In order to succeed on an ineffective assistance of counsel claim, petitioner must establish that his counsel's conduct fell below that of a reasonably competent attorney. United States v. Phillips, No. 89-279, slip op. at 5 (7th Cir. Sept. 24, 1990) (citing Strickland, 466 U.S. at 687). Once the petitioner establishes deficient performance then he must also prove that "there is a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceeding would have been different." Id. Thus, we must first determine whether the petitioner alleges sufficient facts under Strickland demonstrating deficient performance of counsel.
 
 
 6
 Petitioner alleges that counsel was ineffective in that he failed to directly appeal his conviction. The district court opinion set forth the following allegations: The petitioner informed the sentencing court that he intended to appeal his conviction and the court directed his appointed counsel to continue representation for that purpose. However, appointed counsel never appealed the petitioner's conviction despite several inquiries and reminders by the petitioner concerning his appeal. In fact, the petitioner alleges that counsel knowingly misled him that he had already filed the direct appeal. Unfortunately, by the time petitioner learned that his attorney never filed the appeal the deadline for filing an appeal already expired.
 
 
 7
 We hold that the petitioner has demonstrated under Strickland that counsel's failure to appeal his conviction constituted deficient performance. Clay v. Director, Juvenile Div., Dept. of Corrections, 749 F.2d 427, 431 (7th Cir.1984), cert. denied, Irving v. Clay, 471 U.S. 1108 (1985). This is especially true in light of counsel's misleading the petitioner into believing that his appeal had already been filed. Additionally, counsel failed to file a direct appeal as opposed to a merely discretionary appeal. See Buelow v. Dickey, 847 F.2d 420 (7th Cir.1988), cert. denied, Buelow v. Bablitch, 109 S.Ct. 1168 (1989). We do not hold that counsel's failure to perfect an appeal amounted to "per se" deficient conduct. See Clay 749 F.2d at 436 (Posner., concurring opinion). However, the particular facts of this case suggest that appointed counsel's failure to preserve Howard's direct appeal after the petitioner urged him to file an appeal and after he misled the petitioner into believing that he would file an appeal on his behalf "fell below an objective standard of reasonableness" Id.; cf Simmons, No. 89-2404, at 13 (court held that petitioner failed to establish claim for ineffective assistance of counsel in failing to appeal his conviction because petitioner gave no details regarding counsel's promise or his own intent to appeal).
 
 
 8
 Although petitioner's counsel was deficient in failing to perfect a timely appeal, petitioner must still demonstrate that the result of this case would have been different if counsel's performance were not deficient. Phillips No. 89-279, at 5. In short, the petitioner must show that had his counsel filed an appeal he would have been entitled to relief. Id. Therefore, we turn to the specific allegations of trial errors to determine whether the petitioner established actual prejudice.
 
 II. ALLEGED TRIAL ERRORS
 1. Denial of Counsel on Direct Appeal
 
 9
 Initially, we note that pro se litigants are not bound by the stringent standards governing formally trained attorneys. Jamison-Bey v. Thieret, 867 F.2d 1046, 1047 (7th Cir.1989). As such, we will liberally construe petitioner's Sec. 2255 motion. Id. Petitioner contends that it was error for the district court to deny his request for counsel on appeal. Petitioner is correct that the constitution guarantees criminal defendants the right to counsel both at trial and for the first appeal as of right. Buelow, 847 F.2d at 426. Here, the court did not appoint counsel because the appeal time, including the thirty day extension, had already run when the petitioner requested appointment of counsel to represent him on appeal. Additionally, after notifying the petitioner that his appeal time expired, the court instructed the petitioner to file a Sec. 2255 motion. Thus, the court committed no error.
 
 2. Sufficiency of the Evidence
 
 10
 Petitioner argues that the evidence was insufficient to support his conviction. The main thrust of the petitioner's argument is that Patricia Piepenbrink's identification of him as the "torch man" in the arson scheme was insufficient to link him to participation in the arson. Petitioner challenges Piepenbrink's identification as insufficient because Piepenbrink was only 35 percent sure that petitioner was the man hired to participate in the scheme. Petitioner also contends that the Piepenbrink identification was insufficient in that it arose from an unreliable photo identification.[2]
 
 
 11
 Petitioner bears a heavy burden in challenging a jury verdict on sufficiency grounds. United States v. Sims, 895 F.2d 326, 329 (7th Cir.1990). To obtain relief petitioner must demonstrate that the trial record was devoid of any evidence from which a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Fozo, 904 F.2d 1166, 1169 (7th Cir.1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Additionally, in analyzing a sufficiency claim this court must view the evidence and all reasonable inferences in favor of the government. Id. We hold that the petitioner has not met his burden.
 
 
 12
 We agree with the district court that even in the absence of the Piepenbrink identification the testimony of Karen Dickens was sufficient evidence to support the petitioner's conviction. Id. Dickens' testimony clearly identified the petitioner as a participant in the scheme to set fire to the Piepenbrink residence in order to allow the Piepenbrinks to collect the insurance proceeds. Dickens testified that she witnessed the petitioner dousing the living room walls and curtains of the Piepenbrink residence with kerosene or paint thinner. Moreover, Dickens testified that, on the same occasion, she observed the petitioner taping a cigarette and matches to a plastic container filled with gasoline. Finally, Dickens testified that she delivered to the petitioner's home a dishwasher and other items removed from the Piepenbrink residence by her and the petitioner on the day the arson was planned.[3] Investigators subsequently found the Piepenbrink's dishwasher in the petitioner's home. This testimony is sufficient evidence to support the conviction.
 
 
 13
 Petitioner contends that Dickens' testimony is unreliable because she testified under a plea agreement. Further, petitioner argues that had the jury not heard evidence concerning the photo identification in which Piepenbrink picked out his photograph, they would not have believed Dickens' testimony. The jury found Dickens to be a credible witness. The credibility of witnesses is a determination left solely to the jury. United States v. Beverly et al., No. 88-2985, slip op. at 43 (7th Cir. Sept. 7, 1990). Thus, petitioner has not satisfied his burden.
 
 
 14
 3. Jury's request to rehear witnesses's testimony
 
 
 15
 During its deliberation, the jury sent a note requesting review of the tape of Dickens' testimony. The court responded: "In response to your question, you have heard and seen all of the evidence and I have given you the court's instructions 1 through 34, on the law in this case. Continue your deliberations." Petitioner argues that it was reversible error for the judge to deny the jury's request to rehear Dickens' testimony, because she was the only eyewitness in the case. Additionally, petitioner contends that rehearing the testimony would have taken less then one hour.
 
 
 16
 Whether or not to allow the jury to rehear testimony is a decision purely within the court's discretion. United States v. Keskey, 863 F.2d 474 (7th Cir.1988). The standard of review for such a decision is an abuse of discretion. Id. Here there is no evidence in the record disclosing the court's reason for denying the jury's request. However, this is an area "in which we do not consider it essential for the record to disclose the basis for the decision." United States v. McCoy, 517 F.2d 41, 45 (7th Cir.1975), cert. denied, 423 U.S. 895 (1975). Despite the court's bare response to the jury's request, we are confident that he was cognizant of his discretionary ability to determine whether it was necessary to allow the jury to rehear the testimony. Id. In any event, a judge can follow a practice of routinely denying jury requests to rehear testimony during deliberations, absent a showing of extraordinary need. Id. The record does not disclose an extraordinary showing of need. Thus, the court did not abuse its discretion in denying the jury's request to rehear Dickens' testimony.
 
 4. Geane Doby's testimony
 
 17
 Petitioner asserts that the court should have coerced his co-defendant, Geane Doby, to testify, or alternatively, the court should have halted the trial proceedings and called in another witness to testify on petitioner's behalf. We find no merit in these claims. We agree with the district court that the court exhausted all possible legal routes in attempting to compel the testimony of Geane Doby. Doby refused to testify even after the court warned him that he was not entitled to any fifth amendment protection regarding the arson scheme and he could be fined and incarcerated for persisting in his refusal to testify. In this situation there was nothing more the court could do to compel Doby to testify.
 
 
 18
 We reject petitioner's claim that the trial should have been stopped and a new witness brought in to testify on his behalf. Petitioner never disclosed who that witness would be, what he would have testified to, and the reason for him or her not testifying in the first place.
 
 5. Karen Dickens' Inconsistent Testimony
 
 19
 Petitioner contends that Karen Dickens' inconsistent testimony prejudiced him at trial. Specifically, petitioner argues Dickens grand jury testimony, that she delivered money to Willard Howard to buy paint thinner, was inconsistent with her trial testimony, that she delivered the money for paint thinner to the petitioner. The district court is correct that this inconsistency was fully presented to the jury. The jury heard Dickens' trial testimony and received a copy of the indictment to be read during deliberation. Additionally, petitioner's counsel zealously argued this inconsistency during closing argument.[4] Moreover, as stated earlier, the credibility of witnesses is a determination solely within the province of the jury. Beverly, No. 88-2985, at 43. Apparently, the jury found that the inconsistency did not undermine Dickens' credibility.
 
 
 20
 Petitioner also alleges that it was error for the prosecution to rely on Dickens' testimony when she knew it to be false. A new trial will not be ordered where the prosecution relies on merely inconsistent testimony, as opposed to perjured testimony. United States v. Douglas, 874 F.2d 1145 (7th Cir.1989). Here the objectionable testimony was inconsistent testimony. Even if we characterized the testimony as perjured, which we do not, the petitioner failed to meet his burden regarding the prosecutor's use of perjured testimony. To obtain a new trial on the ground that the prosecutor used perjured testimony, the petitioner must establish 1) the prosecution's case included perjured testimony; 2) the prosecution knew, or should have known of the perjured testimony; and 3) there is a likelihood that the perjured testimony affected the jury's judgement. Id. at 1159 (citing United States v. Kaufmann, 803 F.2d 289, 291 (7th Cir.1986)). Even when liberally construing the petitioner's complaint, as we must, petitioner's statement that the prosecution relied on testimony he knew to be false is not sufficient to meet this burden.
 
 CONCLUSION
 
 21
 The court concludes that the petitioner is unable to establish that counsel's deficient performance in failing to perfect his appeal actually prejudiced him. Thus, petitioner failed to make out a cognizable claim for ineffective assistance of counsel under the Strickland standard. 466 U.S. at 694. Because we find no ineffective assistance of counsel, we hold that the petitioner failed to establish cause for the failure to file a timely appeal, thus barring habeas relief.[5] We AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 A default may also be excused if the petitioner proves counsel's failure to raise the defaulted claim amounted to a sixth amendment violation under Strickland v. Washington, 466 U.S. 668 (1984). Rodriguez v. United States, 906 F.2d 1153, 1159 (7th Cir.1990). Additionally, a court may grant the writ despite a default in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent. Id
 
 
 [2]
 To the extent that petitioner raises the reliability of the photo identification, we note that our discussion of sufficiency of the evidence to convict disposes of the necessity to determine whether the identification was unnecessarily suggestive
 
 
 [3]
 Part of the arson/insurance fraud scheme involved removing furniture and other valuable items from the Piepenbrink residence and replacing them with old furniture and less valuable items before the arson was to take place
 
 
 [4]
 Petitioner also asserts that counsel failed to impeach Karen Dickens on cross with her inconsistent grand jury testimony. Petitioner's bare allegation that counsel's failure to impeach Dickens prejudiced him, fails to set forth "sufficiently precise information" allowing for a prejudice analysis under Strickland. See United States ex rel. McCall v. O'grady, 908 F.2d 170, 173 (7th Cir.1990)
 
 
 [5]
 In light of our determination that petitioner has failed to establish cause for the default, we need not address the issue of whether petitioner has established actual prejudice under Wainwright. See Theodorou, 887 F.2d at 1341 n. 6