935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Amos D. DAVENPORT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-2327.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1991.*
Decided June 20, 1991.
 
 Before WOOD, JR., EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Amos D. Davenport is currently on probation after being convicted by a jury in 1986 for tax evasion and for willful failure to file tax returns, see 26 U.S.C. Secs. 7201, 7203, and after serving a four-year term of imprisonment. While he was still in prison, he filed this motion under 28 U.S.C. Sec. 2255 to challenge his convictions and sentence. He raised four grounds for relief: (1) whether the trial court lacked subject matter jurisdiction over the indictment due to the failure of the Secretary of the Treasury to promulgate and publish Form 1040 and Instructions in the Federal Register, as mandated by 5 U.S.C. Secs. 551 et seq.; (2) whether the indictment failed to charge an offense due to the failure of the Secretary and of the Internal Revenue Service to publish in the Federal Register a description of the IRS's central field organization and each amendment, revision or repeal thereto, as mandated by Title 5; (3) whether his convictions and sentence were void for want of due process; and, (4) whether his convictions and sentence as charged in count one were void because the indictment was duplicitous. The district court, in a minute order, dismissed Davenport's Sec. 2255 motion as frivolous. Davenport appeals from this final order. See Alerte v. McGinnis, 898 F.2d 69, 70 (7th Cir.1990).
 
 
 2
 Davenport presents the same issues to this Court,[1] but candidly admits that he never raised them before his Sec. 2255 motion. See United States v. Davenport, 824 F.2d 1522 (7th Cir.1987). His failure to raise these issues at his trial or on his direct appeal prevents us from considering them unless he can show cause and prejudice for the procedural default. See United States v. Frady, 456 U.S. 152, 168 (1982); Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir.1990). Davenport shows neither, and so his motion must fail. He tries to avoid this result by characterizing the motion as a jurisdictional attack, but he completely ignores 18 U.S.C. Sec. 3231, which vests federal district courts with jurisdiction over "all offenses against the laws of the United States." See United States v. Koliboski, 732 F.2d 1328, 1329-30 (7th Cir.1984).
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 While the government argues that Davenport abandoned his third ground for relief, a fair reading of Davenport's opening brief reveals that he did, in fact, preserve this issue for our review. (See Brief at 4, 38)