983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles E. FERGUSON, Plaintiff/Appellant,
v.
Darrell KOLB, Wisconsin Health & Social Services, Timothy
Cullen, Oestreich, Hearing Officer, Mary Joas and
Del Kraeger, Defendants/Appellees.
 No. 90-1035.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 10, 1992.*
Decided Jan. 7, 1993.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Ferguson, an inmate incarcerated at the Waupun (Wisconsin) Correctional Institution ("WCI"), filed a suit under 42 U.S.C. § 1983 against several employees of WCI and the Wisconsin Department of Health and Social Services. Among other claims not relevant to this appeal, Ferguson alleged that Lynn Oestreich, a captain at WCI, violated Ferguson's rights under the Eighth Amendment by ordering that Ferguson be beaten upon his forcible removal from a disciplinary hearing.[1] The district court granted summary judgment in favor of Oestreich. See Fed.R.Civ.P. 56(c). It then denied Ferguson's motion for reconsideration. Fed.R.Civ.P. 59(e). Ferguson appeals the district court's grant of summary judgment in favor of Oestreich. See Fed.R.App.P. 3(c).[2]
 
 
 2
 Ferguson is an aspiring musician, as is Mary Joas, Ferguson's social studies instructor at WCI. Ferguson wrote a letter to Joas, asking her to go into the music business with him. Joas informed him that she was not interested. She forwarded the letter to the education director at WCI, who ordered Ferguson to cease all communications with Joas on any subject not directly related to the social studies program. But Ferguson persisted. Ultimately, Joas wrote an adult conduct report charging Ferguson with disobeying orders and soliciting staff.
 
 
 3
 The Adjustment Committee conducted a disciplinary hearing on the conduct report. Oestreich served as the disciplinary hearing officer. Joas testified, and Ferguson requested to personally ask questions of her. Oestreich denied this request, and instructed Ferguson to direct his questions to Joas through his assigned advocate. Ferguson nevertheless insisted on presenting questions himself. He became irate, and had to be restrained by hearing officers. Oestreich ordered that Ferguson be removed from the room. The Adjustment Committee subsequently found Ferguson guilty of soliciting staff and disobeying orders. Superintendent Kolb affirmed the findings. Ferguson filed a suit under 42 U.S.C. § 1983 claiming, among other things not relevant to this appeal, that Oestreich had ordered officers at WCI to beat him when he was removed from the hearing.[3]
 
 
 4
 The district court referred the case to a magistrate judge, who recommended that the district court deny Oestreich's motion for summary judgment on the claim brought under the Eighth Amendment because factual issues remained whether Ferguson was removed from the hearing without excessive force, whether Oestreich ordered Ferguson to be beaten, and whether Ferguson was, in fact, beaten. However, the district disagreed and granted summary judgment in favor of Oestreich. Ferguson filed a motion for reconsideration. The district court denied the motion, and this appeal followed.
 
 
 5
 We review the district court's grant of summary judgment de novo. Mason & Dixon Lines, Inc. v. Glover, No. 91-2338, slip op. at 7 (7th Cir. Sept. 22, 1992). To succeed on a motion for summary judgment, the moving party must show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Oestreich provided ample and persuasive evidentiary support for his motion for summary judgment. He filed his own affidavit in which he denied ordering that Ferguson be beaten and having personal knowledge that Ferguson had been beaten. Additionally, he filed the affidavit of Joas, in which she denied hearing Oestreich order that Ferguson be beaten, as well as the affidavit of Quentyn Andrews, Ferguson's advocate, in which he denied hearing Oestreich order that Ferguson be beaten. Andrews also stated in his affidavit that he did not witness any beating of Ferguson, nor did he believe that excessive force was used during Ferguson's removal from the hearing.
 
 
 6
 When the moving party successfully shows the absence of a genuine issue as to any material fact, the opposing party must set forth specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir.1991). This, Ferguson failed to do. Ferguson's opposition to Oestreich's motion consisted of the allegation in his unverified complaint that Oestreich ordered officers at the prison to beat him, and a statement found in his reply brief that the officers used excessive force in removing him from the hearing. These bald assertions were unsworn and wholly inadequate to survive a motion for summary judgment. Ferguson produced no affidavits or depositions in which either he or other witnesses swore under penalty of perjury that the factual allegations in Ferguson's complaint were true and correct.
 
 
 7
 We are mindful that Ferguson, who litigated this suit pro se, is not held to the strict standards of formally trained attorneys. Jamieson-Bey v. Thieret, 867 F.2d 1046, 1047 (7th Cir.1989) citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, summary judgment in favor of Oestreich in this case is proper, for we need not scour the record to make the case of a party who does nothing to oppose a motion for summary judgment. Herman v. City of Chicago, 870 F.2d 400, 404 (7th Cir.1989).
 
 
 8
 The district court properly granted summary judgment in favor of Oestreich. We therefore AFFIRM the district court's judgment.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Ferguson actually filed two suits, which the district court consolidated. In the first suit, No. 88-C-275, Ferguson alleged that Darrell Kolb, the acting superintendent of WCI, and Timothy Cullen, the former Secretary for the Wisconsin Department of Health and Social Services, violated his rights under the First Amendment by interfering with his mail. In the second suit, No. 88-C-428, Ferguson again alleged that Kolb wrongfully interfered with his mail. He further alleged that Cullen, Mary Joas, who was Ferguson's social studies instructor at WCI, and Oestreich violated his rights under the Due Process Clause of the Fourteenth Amendment and the Eighth Amendment. We are unable to ascertain from the record what claim or claims Ferguson made against Kraeger. Any claims that Ferguson had against Kraeger were not appealed
 
 
 [2]
 Ferguson filed his notice of appeal on January 3, 1990. He appeals both the district court's final judgment of September 20, 1989 granting summary judgment in favor of Oestreich, and the court's denial of his motion for reconsideration on December 18, 1989. Ferguson's notice of appeal is timely since the time for appeal did not begin to run until December 18, the day on which the order disposing of Ferguson's motion for reconsideration was entered. Alerte v. McGinnis, 898 F.2d 69, 70-71 (7th Cir.1990). Ferguson's appeal, filed within thirty days after the district court resolved the motion for reconsideration, brought up the district court's final judgment of September 20 for review. In his notice of appeal, Ferguson limited the scope of our review to the grant of summary judgment in favor of Oestreich. Fed.R.App.P. 3(c)
 
 
 [3]
 Ferguson requested $2,500,000 in punitive damages, as well as $100 for each day he spent in the prison's isolation unit. His suit is against Oestreich as an individual, not as an official, see Hill v. Shelander, 924 F.2d 1370, 1374 (7th Cir.1991), so the Eleventh Amendment's grant of sovereign immunity to WCI is of no consequence