993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Corinthian MANLEY, Petitioner-Appellant,
v.
Thomas D. RICHARDS and Indiana Attorney General,
Respondents-Appellees.
 No. 92-1836.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 17, 1993.*
Decided April 9, 1993.
Amended May 19, 1993.
 
 Before CUMMINGS, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 After this appeal was fully briefed, the court asked the parties to brief the question whether this appeal should be dismissed for lack of appellate jurisdiction.
 
 
 2
 The district court entered judgment denying Corinthian Manley's § 2254 habeas corpus petition on March 5, 1992. Within 10 working days, Manley filed a timely motion for relief from judgment which we construe as having been brought pursuant to Fed.R.Civ.P. 59. See Charles v. Daley, 799 F.2d 343, 347 (7th Cir.1986). The district court denied the motion in an order entered on May 8, 1992. Therefore, the notice of appeal filed on April 2, 1992 is void. Alerte v. McGinnis, 898 F.2d 69 (7th Cir.1990); see also Simmons v. Ghent, 970 F.2d 392 (7th Cir.1992).
 
 
 3
 Manley asks us to construe several filings made in this court within the 30-day appeal period as his notice of appeal. See Smith v. Barry, 112 S.Ct. 678 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."); Lisenbee v. City of Milwaukee, 976 F.2d 348 (7th Cir.1992). Rule 3(c) of the Federal Rules of Appellate Procedure dictates the content of a notice of appeal: it "shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." While we construe Manley's filings liberally, excusing "informality of form or title,"[1] we cannot excuse the failure to refer at all to the requested information. Torres v. Oakland Scavenger Co., 108 S.Ct. 2405, 2408 (1988). ("Permitting imperfect but substantial compliance with a technical requirement is not the same as waiving the requirement altogether as a jurisdictional threshold.")
 
 
 4
 Some of the information Rule 3(c) requires can be gleaned from Manley's court of appeals filings. But none of the documents--an appearance form, a certificate of interest and a motion to extend time to file appellant's brief--identify the order or judgment appealed as Fed.R.Civ.P. 3(c) requires, and therefore they do not qualify as a notice of appeal. Smith v. Barry, 112 S.Ct. at 682 (The principle of liberal construction does not excuse compliance with Rule 3; the rule's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review.).
 
 
 5
 This appeal is DISMISSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 "An appeal shall not be dismissed for informality of form or title of the notice of appeal." Fed.R.App.P. 3(c)