67 F.3d 302
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald R. WREN, Plaintiff-Appellant,
and
Marvin A. Miller, Plaintiff,
v.
Rodney AHITOW, Warden, Linda Dillon, Assistant Warden
Programs, Dennis Smith, Education Administrator,
et al., Defendants-Appellees.
 No. 91-3427.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 15, 1995.*
Decided Sept. 20, 1995.
 
 Before CUMMINGS, BAUER and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Ronald Wren claims that various correctional officials denied him access to the courts. The district court reviewed the complaint, denied Wren's request to proceed in forma pauperis and dismissed the complaint under 28 U.S.C. Sec. 1915(d). We review the dismissal under 28 U.S.C. Sec. 1915(d) for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 2
 We start our review with an unresolved jurisdictional problem. Wren filed his notice of appeal on October 17, 1991, before the district court entered its Rule 58 judgment on October 29, 1991. This would not necessarily call into question this court's jurisdiction since the district court announced its decision to dismiss the complaint with prejudice in an order dated October 7, 1991. See Fed.R.App.P. 4(a)(2) (notice of appeal filed after announcement of a decision but before entry of judgment treated as filed after judgment's entry). However, one day after entry of the Rule 58 judgment, co-plaintiff Marvin Miller served a motion to reconsider which we construe as a timely Rule 59 motion. See Charles v. Daley, 799 F.2d 343, 347 (7th Cir.1986) (all substantive motions served within 10 days of entry of judgment treated as based on Rule 59). This activated Rule 4(a)(4) of the Federal Rules of Civil Procedure. At the time Wren filed his notice of appeal, Rule 4(a)(4) provided that an appeal, as Wren's, filed before the district court disposed of a timely Rule 59 motion and entered its order on the docket, is void. See Alerte v. McGinnis, 898 F.2d 69 (7th Cir.1990). Rule 4(a)(4) was amended in 1993 and now provides that an earlier filed appeal is merely suspended until the date the motion is decided and the order is entered. Although Wren's notice of appeal was filed before the effective date of the amendment, we are inclined to conclude that it is "just and practicable" to apply the amended rule in this case because defendants (who were never served with the complaint) will suffer no prejudice or injustice by this appeal going forward. See Cleveland v. Porca Co., 38 F.3d 289, 294 (7th Cir.1994) (the 1993 amendment governs pending appeals "insofar as just and practicable"). We need not delay further on this matter, but instead proceed to the merits of this case. See Safeco Life Insurance Co. v. Musser, No. 94-1657, slip op. at 6-7 (7th Cir. September 12, 1995).
 
 
 3
 To establish a violation of the right to access to courts, an inmate must show, among other things, "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." Shango v. Jurich, 965 F.2d 289, 292 (7th Cir.1992) (emphasis omitted). But the complaint here offers no quantum of detriment to Wren's pending or contemplated litigation. The district court judge recognized Wren as a "well-known 'jailhouse lawyer' ", noting that the documents "filed in this case contain legal citations and reflect a general familiarity with the law" and "also refer to the many other lawsuits" Wren has brought. In a motion to reconsider the dismissal of his complaint, Wren failed to address the shortcomings the district court found. In short, Wren's failure to allege or show prejudice to any specific litigation dooms his claim. See Gentry v. Duckworth, No. 93-1407, slip op. at 7, n. 3 (7th Cir. August 29, 1995). While we have held that a Sec. 1915(d) dismissal may be premature if based solely on the litigant's failure to allege a general or specific detriment, see Alston v. DeBruyn, 13 F.3d 1036, 1041-42, (7th Cir.1994) (district court dismissed complaint with prejudice and without leave to amend); Casteel v. Pieschek, 3 F.3d 1050, 1053 (7th Cir.1993) (district court dismissed complaint with prejudice; plaintiff had no opportunity to amend complaint in order to comply with the necessary requirements for stating a claim), we do not find that the district court abused its discretion in dismissing Wren's complaint without prejudice.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record